1

2

3

4

5

# UNITED STATES DISTRICT COURT

6

## EASTERN DISTRICT OF WASHINGTON

7

UNITED STATES OF AMERICA,

8

Plaintiff,

NO. 2:14-CR-0109-TOR-1

9

v.

ORDER DENYING DEFENDANT'S
MOTION TO REDUCE SENTENCE

10

JACK ALAN BONSER,

11

Defendant.

12    BEFORE THE COURT is Defendant's pro se Motion for Sentence

13    Reduction Under 18 U.S.C. § 3582(c)(1)(A).  ECF No. 239.  This matter was

14    submitted for consideration without oral argument.  The Court has reviewed the

15    record and files herein and is fully informed.  For the reasons discussed below,

16    Defendant's Motion for Sentence Reduction, ECF No. 239, is denied.

17                                    **BACKGROUND**

18    On July 9, 2015, Jack Alan Bonser appeared before the Court and entered a

19    plea of guilty to Count 1 of the Superseding Indictment filed on January 22, 2015,

20    charging him with Conspiracy to Possess with Intent to Distribute 1 Kilogram or

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 1

1  More of a Mixture or Substance Containing a Detectable Amount of Heroin in

2  violation of 21 U.S.C. §§ 841 and 846.  ECF Nos. 185, 186.

3      On October 15, 2015, this Court sentenced Defendant to a 188-month term

4  of imprisonment, followed by a 5-year term of supervised release, a $2,500.00 fine,

5  and a $100 special penalty assessment.  ECF No. 199.  Defendant's projected good

6  time credit release date is December 27, 2027.

7      On August 14, 2023, Defendant filed a motion for reduction in sentence.

8  ECF No. 239.  Defendant requests that his sentence be reduced for "extraordinary

9  and compelling" circumstances, specifically the length of sentence served,

10 extraordinary rehabilitation, the additionally punitive nature of serving time during

11 the COVID-19 pandemic, and other arguments.  *Id*.  Defendant contends he

12 exhausted his administrative remedies by filing with the Warden a request for

13 release on July 1, 2023.  *See* ECF No. 239 at 6.

14                        **DISCUSSION**

15 **A.  Eligibility for Compassionate Release**

16     Federal courts have the statutory authority to modify an imposed term of

17 imprisonment for two reasons: compassionate release under 18 U.S.C. § 3582(c)(1)

18 or based on a change in the sentencing guidelines under 18 U.S.C. § 3582(c)(2).

19 Until recently, motions for compassionate release could only be brought to the

20 Court by the Director of the Bureau of Prisons.  18 U.S.C. § 3582(c)(1)(A) (2002).

However, after the December 2018 passage of the First Step Act, defendants may now bring their own motions for compassionate release after exhausting administrative remedies within the Bureau of Prisons or by waiting 30 days after receipt of their request by the warden of defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A) (2018).

A defendant may be eligible for compassionate release: (1) if the Court finds "extraordinary or compelling reasons" to warrant a sentence reduction; or (2) if the defendant is at least 70 years old, has served at least 30 years in prison pursuant to a sentence imposed for the offense for which the defendant is currently imprisoned, and the defendant is determined not to pose a risk of danger to the community. 18 U.S.C. § 3582(c)(1)(A). Under either eligibility prong, the Court must also find that a sentence reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Guidelines instruct that the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553 when deciding a motion for compassionate release, and that the Court should not grant a sentence reduction if the defendant poses a risk of danger to the community, as defined in the Bail Reform Act. U.S.S.G. § 1B1.13.

**B. Exhaustion or Lapse of 30 days**

Arguably, Defendant may have exhausted his administrative remedies by

filing his request for release with the Warden, although no explanation for the reasons for his release were provided.

The Court will consider Defendant's administrative remedies exhausted.

## C. Extraordinary and Compelling Reasons

The First Step Act did not define what "extraordinary and compelling reasons" warrant a sentence reduction, but the compassionate release statute directs the Court to consider the Sentencing Commission's policy statements when deciding compassionate release motions. 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's policy statement on sentence reduction mirrors the language of the compassionate release statute, but it has not yet been updated to reflect the procedural changes implemented by the First Step Act. U.S.S.G. § 1B1.13. "While that particular policy statement has not yet been updated to reflect that defendants (and not just the [Bureau of Prisons ("BOP")]) may move for compassionate release, courts have universally turned to U.S.S.G. § 1B1.13 to provide guidance on the 'extraordinary and compelling reasons' that may warrant a sentence reduction." *United States v. McGraw*, No. 2:02-cr-00018-LJM-CMM, 2019 WL 2059488, at *2 (S.D. Ind. May 9, 2019) (gathering cases). The sentence reduction policy statement outlines four categories of circumstances that may constitute "extraordinary and compelling reasons" for a sentence reduction: (1) the defendant suffers from a medical condition that is terminal or

1    substantially diminishes the defendant's ability to provide self-care in a

2    correctional environment; (2) the defendant is at least 65 years old, is experiencing

3    a serious deterioration in health due to the aging process, and has served at least 10

4    years or 75% of his or her term of imprisonment; (3) family circumstances

5    involving the death or incapacitation of the caregiver of the defendant's minor

6    child or the incapacitation of the defendant's spouse or registered partner; or (4)

7    other reasons, other than or in combination with the other listed circumstances, that

8    are extraordinary and compelling.  U.S.S.G. § 1B1.13, cmt. n.1.

9            More recently, the Ninth Circuit has held "that the current version of

10   U.S.S.G. §1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C.

11   § 3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, 993 F.3d

12   797 (9th Cir. 2021).  According to the Ninth Circuit, "[t]he Sentencing

13   Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's

14   discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not

15   binding." *Id*.  Thus, "district courts are empowered . . . to consider any

16   extraordinary and compelling reason for release that a defendant might raise." *Id*.

17   (agreeing with and quoting decisions of Second and Fourth Circuits).

18          Defendant, now age 32, argues that his sentence has been more severe

19   during the COVID-19 pandemic.  The Court finds that the COVID-19 pandemic

20   has been severe to people in prison as well as those out of prison.  The Court finds

that these circumstances are not "extraordinary and compelling to warrant

Defendant's release.

Defendant contends his time in prison has been more punitive than

contemplated.  The Court does not find this to be an extraordinary or compelling

reason to shorten Defendant's sentence.  Defendant does not complain of any

medical condition that has been aggravated by the COVID-19 pandemic and

everyone, in or out of prison, has had to suffer the pandemic.

Defendant complains that he has not received rehabilitative programming,

education, and treatment.  On the other hand, Defendant contends that he has

accomplished "extraordinary rehabilitation."  Defendant's claims of rehabilitation

do not warrant a reduced sentence.  Successful rehabilitative activities are

commendable, but do not alone warrant early release.  28 U.S.C. § 994(t).

Considering the totality of all the facts, compassionate release is unwarranted.

Whether Defendant is housed in prison or detained at home, the virus

continues to spread throughout society.  Fear of the virus and precautionary

measures do not warrant immediate release.  In this case, there are no extraordinary

and compelling reasons, alone or in combination, for a reduction in sentence.

**D. Factors under 18 U.S.C. § 3553(a)**

18 U.S.C. § 3582(c) and the Sentencing Guidelines instruct that the Court

should consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when

deciding a motion for compassionate release. 18 U.S.C. § 3553(a) provides:

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
>   (1)  the nature and circumstances of the offense and the history and characteristics of the defendant;
>   (2)  the need for the sentence imposed—
>       (A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>       (B)  to afford adequate deterrence to criminal conduct;
>       (C)  to protect the public from further crimes of the defendant; and
>       (D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>   (3)  the kinds of sentences available;
>   (4)  the kinds of sentence and the sentencing range established for—
>       (A)  the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
>           (i)   issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>           (ii)  that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
>       (B)  in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
>   (5)  any pertinent policy statement—
>       (A)  issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the

Sentencing Commission into amendments issued under section 994(p) of title 28); and

(B)   that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

(6)   the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)   the need to provide restitution to any victims of the offense.

At the time of the original sentencing the Court fully considered these factors.  Once again, the Court has fully considered these factors in light of the information Defendant recently provided.  Of particular note is the nature and circumstances of the offense in this case.  Defendant presented to the Court at a Total Offense Level 33 and a Criminal History Category IV.  This was not a simple mistake involving a small amount of heroin.  Defendant was personally distributing extensive amounts of heroin for a lengthy period of time, more than 10 kilograms.  The Court is obligated to protect the public from defendant's dangerous conduct.  Defendant's egregious conduct of distributing heroin to others presented a serious danger and risk to the public.  The sentence the Court imposed was "sufficient, but not greater than necessary," to comply with the purposes of § 3553(a), including to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense and to afford adequate deterrence to this criminal conduct.  Even with recent developments, the sentence imposed remains sufficient but not greater than necessary to comply with the purposes of sentencing.

1

## CONCLUSION

2    The Court declines to exercise its discretion to reduce Defendant's sentence

3  because extraordinary and compelling reasons do not warrant such a reduction.

4  **ACCORDINGLY, IT IS HEREBY ORDERED:**

5    Defendant's Motion for Sentence Reduction Under 18 U.S.C.

6  § 3582(c)(1)(A), ECF No. 239, is **DENIED**.

7    The District Court Executive is directed to enter this Order and furnish

8  copies to the parties (including Defendant at the Sheridan FCI).

9    DATED August 29, 2023.

10

11                THOMAS O. RICE
                  United States District Judge
12

13

14

15

16

17

18

19

20